IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:13-CR-00053-KDB-DCK-4

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| STEPHEN FRANKLIN WOOD, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Stephen Franklin Wood's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 519). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will grant the motion and reduce Defendant's sentence to Time Served as of August 4, 2022, with all other terms and conditions of the sentence remaining in full force and effect, except as described below.

In 2014, Defendant pled guilty to one count of conspiracy to distribute, possess with the intent to distribute and manufacture methamphetamine, a Schedule II controlled substance. (Doc. No. 239). He was sentenced to 170 months plus five years of supervised release. (Doc. No. 415).

Defendant is a 44-year-old male serving his prison sentence at FCI Gilmer in West Virginia. His current projected release date is March 8, 2024. Defendant bases his current motion on the need to care for his ailing mother who now lives alone and suffers from pulmonary hypertension, sleep apnea, systolic congestive heart failure, paroxysmal atrial fibrillation, hypertension, peripheral vascular disease, Type II diabetes, morbid obesity and chronic back pain. (Doc. No. 520). Unfortunately, Defendant's father passed away earlier this year as did his grandfather.

(Doc. No. 519 at 7). Letters from Defendant's mother and other family members express the dire circumstances that she is in and that she desperately needs a caregiver. *Id*., Exhibit 5. The family members have medical issues of their own and are unable to care for Defendant's mother. *Id*. The Court agrees that Defendant's 71-year-old mother needs a caregiver. With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is now no applicable policy statement governing compassionate release motions filed by a defendant. *Id*. at 284. As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *Id*. Additionally, Defendant's 24-year-old son, Michael, has been diagnosed with schizophrenia and Defendant desires to be the father that he deserves and needs. (Doc. No. 519 at 8). Therefore, the Court does find that Defendant's mother's health issues and lack of a caregiver and schizophrenic son's needs are "extraordinary and compelling" reasons for a sentence reduction.

The Court has considered the § 3553(a) sentencing factors and finds that they support a reduction in his sentence to Time Served as of August 4, 2022. Although Defendant's criminal history starts at age 16 and contains numerous breaking and entering, larceny, and assault charges, the Defendant is now 44 years-old and has spent the last 143 months in prison. The risk of recidivism appears low as he knows he is the only one who can look after his mother. His rehabilitation while in the Bureau of Prisons is strong given the programming courses he has taken, which include 236 hours of HVAC training as well as 210 hours of training to be an electrical technician (Doc. No. 519, Exhibit 3) which far outweigh his two disciplinary infractions. Defendant's record demonstrates that he has committed to his rehabilitation and should have a successful reintegration into society. Defendant will reside with his mother, Mary Ellen Wood, in Elkin, North Carolina, and be her caregiver.

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 519), is **GRANTED** and Defendant's sentence is reduced to Time Served as of August 4, 2022.

**IT IS FURTHER ORDERED**, that, as an additional condition of supervised release, Defendant shall submit to home incarceration, with location monitoring technology, for a period of 12 months and comply with its requirements as directed. During this time, Defendant is restricted to his residence 24 hours a day except for his and his mother's medical necessities and court appearances or other activities specifically approved by the Court. Defendant shall maintain a telephone at his residence without any "call forwarding," "Caller ID services," "call waiting/dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service and pay for same. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to Defendant, the United States Attorney, the United States Probation Office and the United States Marshalls Service.

**SO ORDERED.**

Signed: July 22, 2022

Kenneth D. Bell
United States District Judge